## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KAREY COLEMAN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MEIJER, )<br>)<br>Defendant. ) | No. 1:10-cv-863-WTL-DML |

### Entry Granting Defendant's Motion to Compel Arbitration

Meijer, Inc. employed Karey Coleman from October 19, 2008, through March 28, 2009. Coleman alleges that in terminating his employment, Meijer violated the Americans with Disabilities Act, 42 U.S.C. § 12101 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Meijer moves to compel arbitration and stay this action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 (1947).

### Discussion

The FAA, 9 U.S.C. § 1 (1947), provides that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" may petition any federal district court, which would otherwise have jurisdiction over the underlying matter, "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. "In order to determine whether a claim is arbitrable, the court must examine (1) whether a valid and enforceable arbitration agreement exists; (2) whether the claims fall within the scope of the agreement; and (3) whether there has been a waiver." *DeGroff v. MasoTech Forming Tech.*, 179 F.Supp.2d 896, 902 (N.D. Ind. 2001). Because there is no argument that Meijer waived its right to enforce the agreement to arbitrate, the court will not address this element.

*Did the Parties Agree to Arbitrate?*

Whether the parties agreed to arbitrate is a matter of state contract law, in this case the law of Indiana. *See Hawkins v. Aid Ass'n for Lutherans,* 338 F.3d 801, 806 (7th Cir. 2003). Indiana recognizes a strong policy favoring the enforcement of arbitration agreements. *Harlow v. Parkevich,* 868 N.E.2d 822, 826 (Ind.Ct.App. 2007).

Meijer asserts that Coleman agreed to arbitrate when he electronically signed a Dispute Resolution Policy and a Dispute Resolution Agreement upon beginning his employment. Meijer requires new employees to electronically sign a number of agreements and documents online in its Oracle/PeopleSoft human resources management system. These documents include Meijer's Dispute Resolution Policy and its Dispute Resolution Agreement and Agreement For Final and Binding Arbitration ("Dispute Resolution Agreement "). When a new employee first signs into the PeopleSoft system, he sees a screen entitled "Notice to New Team Members." The notice states that, as a condition of employment, the new employee is required to agree to the company's Dispute Resolution Policy and Dispute Resolution Agreement. The notice advises the new team member that by clicking on the "I agree" button next to a document, he or she will be regarded as having read the document, agreed to its terms, and signed the document electronically.

The next screen is entitled "Team Member Documents." That screen lists various "New Hire Documents" in a column along the left side. The employee can access each of these documents from this screen. To the right of each document's title is a button that an employee may either click to agree to the terms of the document or, in some cases, fill out a form. There are buttons marked "Click here to agree" next to the Dispute Resolution Policy and the Dispute Resolution Agreement on this screen.

When the new employee clicks on an "agree" button on the Team Member Documents screen, the PeopleSoft program electronically records the time and date of the employee's agreement on that screen. The company's records show that on October 20, 2008 at 11:01 a.m., Coleman agreed to and electronically signed both the Dispute Resolution Agreement and the Dispute Resolution Policy.

The Dispute Resolution Agreement provides that if the parties are unable to resolve an employment claim through the voluntary methods of Meijer's Dispute Resolution Policy, they will submit that claim to final and binding arbitration by a neutral arbitrator in accordance with the Rules for Arbitration. The Dispute Resolution Agreement further states:

> The parties acknowledge that by agreeing to mandatory, final and binding arbitration for such claims they are knowingly and voluntarily giving up or waiving certain legal rights, such as the right to have their claims and defenses determined by a judge or jury in a court of law.

In addition, the following language appears in bold and all capitals at the bottom of the Arbitration Agreement:

> **THIS AGREEMENT AFFECTS YOUR LEGAL RIGHTS. YOU ARE GIVING UP YOUR RIGHT TO SUE IN COURT AND AGREEING TO FINAL AND BINDING ARBITRATION. PLEASE READ AND CONSIDER CAREFULLY BEFORE SIGNING. DO NOT SIGN UNLESS YOU HAVE RECEIVED A COPY OF THE MEIJER DISPUTE RESOLUTION PROCEDURE.**

In other words, the Dispute Resolution Agreement requires arbitration. Meijer agreed to the Dispute Resolution Agreement. Coleman agreed to the Dispute Resolution Agreement.

For an agreement to be enforceable, not only must both parties agree to it, but both parties must also give some consideration. "Indiana courts have used both a benefit-detriment and a bargained-for-exchange approach in defining consideration; the courts look for a promisor receiving a benefit or a promisee suffering some detriment, which was bargained-for in exchange for the promise." *Flynn v. AerChem, Inc.*, 102 F.Supp. 2d 1055, 1060 (S.D. Ind. 2000). Here, the consideration Meijer offered the following consideration in return for Coleman's consent to the Dispute Resolution Agreement: (1) its reciprocal promise to be bound by the Arbitration Agreement; (2) its agreement to pay for the costs of arbitration; and (3) its promise of just cause employment. This is sufficient consideration to support the agreement to arbitrate.

Coleman argues that the parties did not agree to arbitrate because he did not complete a training course and Meijer therefore never "employed [his] contract." Coleman identifies no requirement of contract law or of the Dispute Resolution Policy or Dispute Resolution Agreement that a contract be "employed" or training take place before the terms of a contract are enforceable. The court finds no such requirement and will not invalidate the contract based on this argument.

The court's conclusion, from the foregoing, is that Coleman and Meijer agreed to arbitrate.

*Is Coleman's Claim within the Scope of the Agreement to Arbitrate?*

Because the court has found that the parties agreed to arbitrate certain claims, the court must consider whether the claims in this case must be arbitrated. This depends on the terms of the parties' agreement.

Arbitration Rule 1 in the Dispute Resolution Policy, entitled "Claims Subject to Arbitration," provides:

> Except as otherwise limited in these Arbitration Rules, all claims that arise out of or relate to the team member's employment and/or separation from employment with Meijer and that concern legally protected rights for which a court would be authorized by law to grant relief are subject to arbitration.

Rule 1 also gives specific examples of claims subject to arbitration and includes "claims of employment discrimination, harassment or failure to accommodate, including but not limited to claims based on . . . physical or mental disability . . . ." Rule 1 specifically identifies claims under the Americans with Disabilities Act and Title VII as subject to arbitration.

Coleman's claims are brought under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964. These types of claims are directly identified as arbitrable under the Dispute Resolution Policy. They are accordingly within the scope of that policy.

## Conclusion

For the foregoing reasons, Meijer's motion to compel arbitration and stay proceedings (dkt 7) is **granted.** The parties are **ordered** to pursue arbitration in accordance with the Dispute Resolution Policy.

When an issue in the proceedings is subject to arbitration under the FAA, the statute provides that a trial court "shall on application of one of the parties stay the trial of the action until such arbitration has been held[.]" 9 U.S.C. § 3. The action is therefore **stayed,** and pending resolution of the arbitration proceedings, this case will be **administratively closed.**

**IT IS SO ORDERED.**

Date: 11/03/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey Scott Rueble
MEIJER - LEGAL DEPARTMENT
rueblej@meijer.com

Karey Coleman
189 South Sublest Blvd
Fishers, IN 46038