UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| KAREY COLEMAN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  1:10-cv-863-WTL-DML |
| | ) | |
| MEIJER, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion to Vacate Arbitration
Award and Motion to Confirm Arbitration Award**

For the reasons explained in this Entry, the motion to vacate of plaintiff Karey Coleman must be denied and the motion to confirm must be granted.

**Background**

Karey Coleman was employed for a period of time by Meijer, a retail merchant. Coleman's termination produced this lawsuit. On November 3, 2010, the court granted Meijer's motion to enforce the terms of the employment agreement between Meijer and Coleman calling for arbitration in certain circumstances, including as to the claim of employment discrimination Coleman presented here. The case was administratively closed. An arbitration hearing was conducted on April 21, 2011, and a decision issued on July 11, 2011. Coleman filed a motion to vacate that decision on July 29, 2011. Meijer has opposed the motion to vacate. Meijer filed a motion to confirm the decision on August 15, 2011.

**Discussion**

*Motion to Vacate*

Coleman asks the court to vacate the arbitration. "[T]he grounds for vacating an arbitration award are limited to 'extreme arbitral conduct' as defined in Sections 10 and 11 of the FAA." *Contech Constr. Prods., Inc. v. Heierli,* 764 F.Supp.2d 96, 108 (D.D.C. 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.,* 552 U.S. 576, 586 (2008)). The party

objecting to the award bears the burden of demonstrating that one of the statutory grounds set forth in the FAA exists. *Affinity Fin. Corp. v. AARP Fin., Inc.,* No. 10–cv–2055, 2011 WL 2582876, at *2 (D.D.C. July 1, 2011) (citing *Al–Harbi v. Citibank, N.A.,* 85 F.3d 680, 682 (D.C.Cir. 1996)).

Section 10 of the FAA lists four grounds upon which an arbitration may be vacated: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). "This list is exclusive; neither judges nor contracting parties can expand it." *Affymax, Inc. v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, No. 11-2070, Slip Op. at 5 (7th Cir. Oct. 3, 2011).

Section 11 of the FAA provides that a district court may, upon application by any party, modify or correct an arbitration award where there is "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a).

In addition to the statutory grounds to vacate or modify arbitration awards set forth in Sections 10 and 11 of the FAA, courts have also vacated an arbitrator's decision upon finding that the decision was made "in manifest disregard of the law." *Kurke v. Oscar Gruss and Son, Inc.,* 454 F.3d 350, 354 (D.C.Cir. 2006).

Coleman's motion to vacate is based on the argument that one of the witnesses at the arbitration was not credible. This is not a basis for vacating an arbitration decision found in Section 10 or 11 of the FAA. Because Coleman has not identified an appropriate basis for vacating the arbitration award and has not shown that the arbitrator demonstrated a "manifest disregard of the law," his motion to vacate [18] is **denied**.

*Motion to Confirm*

Concurrent with its opposition to Coleman's motion to vacate, Meijer moved this court to confirm the arbitration award. Under the FAA, within one year after an arbitration award "any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. A proceeding to confirm an arbitration award is "intended to be summary." *Adkins v. Teseo,* 180 F.Supp.2d 15, 18 (D.D.C. 2001) (quoting *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir. 1986)). Courts "do not sit to hear claims of factual or legal error by an arbitrator" as they would "in reviewing decisions of lower courts." *Kurke,* 454 F.3d at 354 (internal citations and quotations omitted). The court must confirm an arbitration award unless there are statutory grounds to vacate, modify, or correct the arbitrator's decision. 9 U.S.C. § 9.

In relevant part, 9 U.S.C. § 9 states:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

Here, the requirements for confirming an arbitration award have been met. Meijer's motion is timely and the parties agreed that judgment could be entered upon the award. In addition, as discussed above, there is no reason to vacate the arbitration award. Accordingly, Meijer's motion to confirm the arbitration [20] is **granted**.

## Conclusion

Coleman's motion to vacate [18] is **denied**.

Meijer's motion to confirm [20] is **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/04/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana